UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER MRAZ, | ) | |
| Plaintiff, | ) ) | No. C07-2672 BZ |
| v. | ) ) | **ORDER GRANTING REMAND** |
| MICHAEL J. ASTRUE, Commissioner of Social Security | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Christopher Mraz appeals from a final decision by the Commissioner of Social Security (Commissioner) under 42 U.S.C. § 405(g) affirming the decision of the Administrative Law Judge (ALJ). The ALJ found that since plaintiff was capable of performing light work with certain restrictions, he was not disabled and therefore not eligible for Supplemental Security Income under Title XVI of the Social Security Act (Tr. at 20).

The Social Security Administration Appeals Council declined to review the ALJ decision (Tr. at 8). Plaintiff timely requested judicial review pursuant to 42 U.S.C §405(g), and moved for summary judgment. In his opposition, defendant

1

1  made a cross-motion for summary judgment.
2      The Commissioner's decision to deny benefits will be
3  disturbed only if it is not supported by substantial evidence
4  or is based on legal error.  42 U.S.C. § 405(g); Batson v.
5  Comm'r of Soc. Sec., 359 F.3d 1190, 1193 (9th Cir. 2004);
6  Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).
7      The ALJ found that plaintiff was not engaging in
8  substantial gainful activity and that the plaintiff's severe
9  impairments were a history of back injury with lumbar fusion
10 in 1994, a history of right ankle fracture in 2001 with
11 possible non-union, and depression/bipolar disorder.  The ALJ
12 also found that plaintiff's impairments did not, singly or in
13 combination, meet or equal an impairment in the Listing of
14 Impairments at 20 C.F.R. Part 404. Subpart P, Appendix 1.  The
15 ALJ found that plaintiff could not perform past relevant work
16 but was capable - based on a residual functional capacity - of
17 performing simple, repetitive light work that allows for a
18 sit/stand option and does not involve more than two hours
19 total standing and walking (Tr. at 17).
20     Regarding the plaintiff's mental impairment, the ALJ
21 relied on the plaintiff's written statements and oral
22 testimony regarding mental health treatment he received while
23 incarcerated.  He found that there was no corroborating
24 evidence of functional limitations caused by plaintiff's
25 claimed mental impairment, but, giving plaintiff "the benefit
26 of the doubt," the ALJ found that while his mental condition
27 produced mild functional limitations with respect to his
28 ability to maintain concentration, persistence, and pace (Tr.

1  at 18), there was no evidence that plaintiff's mental
2  limitations would preclude all work (Tr. at 18).
3       I find that the ALJ failed to meet his independent duty
4  to fully develop the record of plaintiff's mental impairment.
5  42 U.S.C. § 423(d)(5)(b); 20 C.F.R. §404.1512(d)(e).  The
6  Ninth Circuit has held that:

> the ALJ is not a mere umpire at such a proceeding,
> but has an independent duty to fully develop the
> record, especially where the claimant is not
> represented: . . . it is incumbent upon the ALJ to
> scrupulously and conscientiously probe into inquire
> of, and explore for all the relevant facts. He must
> be especially diligent in ensuring that favorable as
> well as unfavorable facts and circumstances are
> elicited.

Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003) *quoting* Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992); Abangan v. Astrue, No. C 05-1480 PVT, 2008 WL 962088, at *2 (N.D. Cal. April 8, 2008)("The ALJ's duty to develop the record fully is heightened where the claimant may be mentally ill, and thus unable to protect her own interests.") *citing* DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991)("In cases of mental impairments, this duty is especially important."); Ransom v. Bowen, 844 F.2d 1326, 1331 fn. 4 (7th Cir. 1988)("When a claimant is both unrepresented and suffers from a mental impairment [], the ALJ's duty to carefully develop the record is even greater.")  Failure of the ALJ to meet his burden to independently develop the record is good cause to remand to collect additional evidence.  Tonapetyan v. Halter, 242 F.3d 1144, 1151 (9th Cir. 2001).

    Here, the ALJ's duty to supplement was triggered by a number of factors present in the record.  Plaintiff has

3

1  consistently complained of a mental disability based on an
2  August 2004 diagnosis of bipolar disorder (Tr. at 35).  The
3  record reflects that he was treated for bipolar disorder when
4  confined in the Santa Rosa "Main Adult Detention Facility" and
5  was prescribed lithium as a treatment (Tr. at 90).  The record
6  also reflects that he was treated at Sutter Mental Health for
7  this condition (Tr. at 91).  Lithium is a well established
8  treatment for mania in bipolar disorder.  <u>Lithium pharmacology</u>
9  (accessed June 6, 2008)
10 http://en.wikipedia.org/wiki/Lithium_pharmacology.  Finally,
11 having reviewed the transcript, I find that many of
12 plaintiff's answers to the ALJ's questions were non-
13 responsive, rambling and not always coherent, suggesting
14 mental health issues.[1]  To his credit, the ALJ appears to have
15 realized that plaintiff's application was far from complete
16 and offered him the opportunity to supplement his application
17 with additional medical records.  Unfortunately, that does not
18 discharge the ALJ's responsibility under the governing
19 regulations, especially where the plaintiff is unrepresented,
20 has some history of mental impairment, seems unable to respond
21 rationally or coherently to questions, appears incapable of
22 developing a record necessary to support his claim and is
23 homeless, supporting himself by "dumpster diving" for
24 recyclable materials.  Under these circumstances, it was
25 incumbent upon the ALJ to obtain at least the records of the

---

[1] A doctor examining the plaintiff's lumbar pain noted: "Physical Examination: . . . young man . . . who has a vaguely psychiatric affect." (Tr. at 106)

4

1  Santa Rosa detention facility and of Sutter Mental Health so
2  that he could reach an informed decision on whether the
3  claimant's bipolar disorder constituted a disability.  Failure
4  to sufficiently develop the record constitutes grounds for
5  remand.[2]  <u>Tonapetyan v. Halter</u>, 242 F.3d at 1151.
6       For the reasons set forth above, **IT IS HEREBY ORDERED**
7  that plaintiff's motion for summary judgment is **GRANTED** in
8  part and this matter is remanded for the ALJ to obtain further
9  records to make findings regarding the plaintiff's mental
10 impairment.  Defendant's motion is **DENIED**.  Defendant shall
11 submit a proposed form of judgment by **July 1, 2008.**
12 DATED: June 26, 2008

                                   _____
                                          Bernard Zimmerman
                                   United States Magistrate Judge

G:\BZALL\MRAZ V. SOCIAL SEC\ORDER GRANTING REMAND.FINAL.wpd

---

[2]  That the vocational expert testified that plaintiff could perform a number of jobs does not alter this conclusion since the expert was not asked to factor in any mental impairment in rendering his opinion.

5